**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO. 8:21-cv-01319-SDM-JSS

LINDA FARHAT,
*individually and on behalf of all others*
*similarly situated*,

                                                        **CLASS ACTION**

      Plaintiff,

vs.

UNIQUE HEALTHCARE SYSTEMS, LLC d/b/a
AFC URGENT CARE PINELLAS PARK,

      Defendant.

_____/

**PLAINTIFF'S MEMORANDUM OF LAW REGARDING APPLICABILITY**
**OF FCC'S MARCH 2020 RULING TO PLAINTIFF'S CLAIMS**

Plaintiff Linda Farhat, pursuant to the Court's Order, [DE 17], files her supplemental memorandum of law regarding application of the FCC's March 2020 ruling to her claims under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d), and states:

I.      **MEMORANDUM OF LAW**

As this Court correctly noted in its Order:

> If AFC's assertion is correct that a text falling within the March 2020 ruling's emergency-purposes definition "can never serve as the basis of a violation of Federal law," AFC can without restriction "spam" a patient with texts about "free" testing and ignore the patient's repeated instruction to "STOP," which contravenes both the TCPA and the FCC's declaratory ruling. Although the March 2020 ruling appears to create a dichotomy between telemarketing and necessary information about COVID-19, the March 2020 ruling appears to interpret section 227(b)(1) only.

Order at 3.

In *Dorfman v. Albertsons, LLC*, the court addressed a similar argument raised by the defendant, expressed the same skepticism as this Court, and ultimately rejected the defendant's argument:

> Defendant argues that "the TCPA does not permit consumers to 'opt out' of emergency purposes calls." (Dkt. 22, p. 3.) According to Defendant's logic, because prescription notification calls fall within the emergency purposes exception to liability, callers may make such calls "even if recipients are known to object." *Id.*
>
> Again, the Court disagrees with Defendant's interpretation of the law. The *ACA International* decision upheld the FCC's regulatory exemption for exigent healthcare calls specifically including prescription notification calls. One of the conditions for the regulatory exclusion is that "a healthcare provider must honor the opt-out requests immediately." 30 F.C.C. Recd. at 8032. In the face of this regulatory language, it is impossible to conclude that either the D.C. Circuit or the FCC also intended to: (1) define the regulatory exemption and statutory exceptions coextensively and (2) recognize an exception to the general rule against unwanted calls that would apply to prescription notifications made to the wrong person-whether or not they voice their opposition to such calls.
>
> Further, such an interpretation of the law is inconsistent with the statutory and regulatory scheme and does not comport with common sense. *See Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012) (instructing courts to take a common-sense approach to TCPA liability). The TCPA was generally intended "to prevent unwanted automated calls." *Coleman v. Rite Aid of Georgia, Inc.*, 284 F. Supp. 3d at 1346. The TCPA, by its own terms, does not apply to calls made for emergency purposes. Clearly, some prescription notification calls fall within the emergency purposes ambit. However, a call made to a person who has already notified the caller that he does not want the prescription notifications cannot be deemed to be either "necessary" or an "emergency." Instead, the calls fall within the TCPA's general rule against unwanted automated calls.

No. 1:18-cv-00094-EJL, 2018 U.S. Dist. LEXIS 230712, at *13 (D. Idaho Oct. 18, 2018); *see also Coleman v. Rite Aid of Ga., Inc.*, 284 F. Supp. 3d 1343, 1346-47 (N.D. Ga. 2018) ("If accepted, Rite Aid's argument would give carte blanche under the TCPA to companies that make automated calls related to prescription notifications. As noted by the court in *St. Clair*, this outcome is inconsistent with the development of TCPA regulations and the emergency purpose exception generally: to prevent unwanted automated calls.").

Every other court to have analyzed the issue has similarly concluded that the emergency purpose exception is inapplicable where the recipient of such calls has made a request for the calls to stop.  *See Watts v. Emergency Twenty Four, Inc.*, No. 20-cv-1820, 2021 U.S. Dist. LEXIS 115053, n.2 (N.D. Ill. June 21, 2021) ("emergency purposes exception may not apply to certain types of calls made to Watts or other individuals who requested that EMERgency24 stop contacting them.") (citing *Coleman*, 284 F. Supp. 3d at 1346-47 (holding that where the recipient of an emergency call requests that the caller stop calling, the exception no longer applies); *St. Clair v. CVS Pharm., Inc.*, 222 F. Supp. 3d 779, 780-81 (N.D. Cal. 2016) (continuing to call about a prescription "when the customer has made clear that he does not want or need the calls, does not fall within the definition of an 'emergency purpose'"); *Laccinole v. Appriss, Inc.*, 453 F. Supp. 3d 499, 504 n.4 (D.R.I. 2020) ("The emergency exception does not apply where an entity calls an individual who has previously asked not to be contacted.").

Here, Plaintiff alleges a claim under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d).  Section 227(c) protects the privacy rights of consumers to be free from unwanted calls and grants them a private right of action for violation of those rights. *See Laccinole*, 453 F. Supp. 3d at 504.  Pursuant to its grant of authority under statute, the FCC promulgated 47 C.F.R. § 64.1200(d), which, in relevant part, requires callers to honor consumers' do-not-call requests.  *See* 47 C.F.R. § 64.1200(d)(3).  Plaintiff alleges that Defendant violated her rights under 227(c) and 64.1200(d) by failing to honor her repeated do-not-call requests, and by failing to maintain an internal do-not-call list.  Importantly, neither section 227(c) or 64.1200(d) contain an exception for emergency purpose calls. Meaning that, consistent with the above cited authorities, Defendant cannot continue to violate Plaintiff's rights under 227(c) and 64.1200(d) after Plaintiff's opt-out requests, and then subsequently claim its calls are exempted.

Moreover, as this Court observed in its Order, the FCC's March 2020 ruling "appears to interpret section 227(b)(1) only." Order at 3.  The reason for the limitation in the March 2020 ruling is that the emergency purpose exception is only found and only applies to section 227(b)(1).  *See* 47 U.S.C. § 227 (b)(1)(A) ("It shall be unlawful…to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party)…); 227 (b)(1)(B) ("It shall be unlawful…to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes…"). Consequently, the March 2020 ruling does not mention, and does not apply to,

4

sections 227(c) or 64.1200(d) because those sections do not contain an emergency purpose exception.

In sum, this Court should, respectfully, adopt the reasoning and holding of the majority line of cases and find that the emergency exception is inapplicable to claims under 227(c) and 64.1200(d) arising from a company's failure to honor consumers' opt-out requests and maintain an internal do-not-call list.  Plaintiff respectfully submits that this Court should reach this holding based on any or all of the following reasons as outlined above:

1. Defendant's interpretation is not consistent with the regulatory scheme or the statute's intended purposes to prevent unwanted calls;

2. Calls are no longer necessary or an emergency once the recipient of the calls alerts the caller that they do not want the calls;

3. The emergency exception only applies to calls/claims under § 227(b); and

4. The March 2020 ruling applies only to calls/claims under § 227(b).

## II.  <u>CONCLUSION</u>

To the extent this Court is inclined to give any weight to Defendant's argument that it was not engaged in a bait-and-switch scheme and that its calls were in fact emergency calls about covid testing, it should nevertheless deny Defendant's Motion to Dismiss because the weigh authority, statutory scheme, and common sense weigh in favor of allowing consumers to opt-out of any calls, even ones that are claimed to be an emergency.

**WHEREFORE**, Plaintiff respectfully seeks an Order denying Defendant's Motion to Dismiss, and for such other relief deemed appropriate and equitable by this Court.

DATED: October 6, 2021

Respectfully Submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*COUNSEL FOR PLAINTIFF*