UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA FARHAT,

    Plaintiff,

v.                                          CASE NO. 8:21-cv-1319-SDM-JSS

UNIQUE HEALTHCARE
SYSTEMS, LLC,

    Defendant.
_____/

**ORDER**

In this putative TCPA class action, Linda Farhat claims (Doc. 1) that within four weeks her healthcare provider, AFC Urgent Care, sent four text messages about "free" COVID-19 testing at AFC's locations. The messages informed Farhat that responding "STOP" would cease future messages, but AFC continued to send messages to Farhat after she responded "STOP."

Moving to dismiss, AFC relies primarily on a March 2020 declaratory ruling, DA 20-318, in which the FCC interprets the "emergency purposes" exception under 47 U.S.C. § 227(b)(1), to include a call or text by a hospital, healthcare provider, or a government official transmitting content that is "solely informational, made necessary because of the COVID-19 outbreak, and directly related to the imminent health or safety risk arising out of the COVID-19 outbreak." DA 20-318 at 1–2. Citing the March 2020 ruling's determination that a call or text about "medically

administered testing information" falls within the "emergency purposes" exception, AFC contends that the text message about free COVID-19 testing "can never serve as the basis [for] a violation of Federal law."  (Doc. 13 at 9)  Opposing dismissal, Farhat argues that, because she instructed AFC to "STOP" sending messages, AFC's text messages to her (and to others comprising the putative "do not call class") are neither "necessary" nor serve an "emergency purpose."

*Laccinole v. Appriss, Inc.*, 453 F. Supp. 3d 499, 504 n.4 (D.R.I. 2020) (Smith, J.); *Coleman v. Rite Aid of Ga., Inc.*, 284 F. Supp. 3d 1343, 1346–47 (N.D. Ga. 2018) (Batten, J.); and *St. Clair v. CVS Pharmacy, Inc.*, 222 F. Supp. 3d 779 (N.D. Cal. 2016) (Chhabria, J.) reason persuasively that a defendant cannot invoke the "emergency purposes" exception if the defendant continues to send messages after the plaintiff has instructed the defendant to stop.  Permitting a defendant to invoke the "emergency purposes" exception to ceaselessly text a cellular telephone subscriber who has instructed the defendant to stop would insulate from liability a defendant who engages in the exact conduct — the transmission of unwanted text messages and calls — that the TCPA endeavors to eliminate.

Also, AFC cites *Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019), and argues that a single text message cannot confer standing under Article III.  Although a single text message cannot confer standing, four text messages sent in contravention of an instruction to "STOP" plausibly confer standing and certainly warrant an opportunity to develop the record.  *See, e.g.*, *Teblum v. Physician Compassionate Care LLC*, 2020 WL 10502588 (M.D. Fla. 2020) (McCoy, M.J.).

Finally, AFC argues that Farhat consented in writing to receiving text messages. But Farhat plausibly alleges that she revoked consent by instructing AFC to "STOP" sending messages. *See, e.g.*, *Legg v. Voice Media Group, Inc.*, 990 F. Supp. 2d 1351, 1354–55 (S.D. Fla. 2014) (Cohn, J.) (finding that the plaintiff revoked consent by responding "STOP ALL" to the defendant's text message).

The motion (Doc. 18) to dismiss is **DENIED**.* Not later than **JANUARY 24, 2022**, the parties must submit a revised case management report.

ORDERED in Tampa, Florida, on January 11, 2022.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

* Of course, the defendant may renew these arguments on summary judgment.