UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA FARHAT, et al.,

     Plaintiff,                           CASE NO. 8:21-cv-01319-SDM-JSS

v.

UNIQUE           HEALTHCARE
SYSTEMS, LLC d/b/a AFC
URGENT CARE PINELLAS PARK,

     Defendant.

_____/

## DEFENDANT'S ANSWERS AND AFFIRMATIVE DEFENSES

Defendant UNIQUE HEALTHCARE SYSTEMS, LLC d/b/a AFC URGENT CARE PINELLAS PARK, by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, and files the following Answers and Affirmative Defenses to Plaintiff Linda Farhat's First Amended Class Action Complaint:

## NATURE OF THE ACTION[1]

1.     The allegations in paragraph 1 are not well-pleaded allegations of fact, but state legal conclusions to which no response is required. To the extent a

---

[1] For the Court's convenience, Defendant has incorporated the "headings" that appear in the First Amended Class Action Complaint, as well as the formatting from those headings. However, Defendant does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein; nor does Defendant waive any right to object to those characterizations.

response is required, Defendant admits only that the allegations refer to Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), and its implementing regulations, which speaks for itself. Except as expressly admitted herein, Defendant denies the allegations in paragraph 1.

2.     The allegations in paragraph 2 are not well-pleaded allegations of fact, but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that the allegations refer to a Declaratory Ruling issued by the Federal Communications Commission, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, 35 FCC Rcd. 2840 (2020), which speaks for itself. Except as expressly admitted herein, Defendant denies the allegations in paragraph 2.

3.     Defendant denies the allegations in paragraph 3.

4.     As to paragraph 4, Defendant admits that Plaintiff refers to a website, which speaks for itself, however, Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and therefore denies them.

5.     As to paragraph 5, Defendant admits that Plaintiff refers to a website, which speaks for itself, however, Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies them.

2

6.      As to paragraph 6, Defendant admits that Plaintiff refers to a website, which speaks for itself, however, Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies them.

7.      As to paragraph 7, Defendant admits that Plaintiff refers to a website, which speaks for itself, however, Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies them.

8.      Defendant denies the allegations in paragraph 8.

9.      As to paragraph 9, Defendant admits that Plaintiff filed this lawsuit and seeks injunctive relief. Defendant denies the remaining allegations in this paragraph, denies any wrongdoing, and denies that Plaintiff is entitled to any relief or has any cause of action against Defendant whatsoever.

## PARTIES

10.      As to paragraph 10, Defendant is without information or knowledge sufficient to form a belief as to the truth of allegations in paragraph 10 and therefore denies them.

11.      As to paragraph 11, Defendant admits that Unique Healthcare Systems, LLC, is a Florida limited liability company, authorized to do business in the state of Florida, and has a principal address at 7101 US Highway 19 North,

Pinellas Park, Florida 33781. Further, Defendant admits Plaintiff refers to 47 U.S.C. § 153(39), which speaks for itself. Except as expressly admitted herein, Defendant denies the allegations in paragraph 11.

**JURISDICTION AND VENUE**

12.     The jurisdictional allegations in paragraph 12 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the allegations are as to violations of a Federal Statute and 28 U.S.C. § 1331, speaks for itself. Except as expressly admitted herein, Defendant denies the allegations in paragraph 12.

13.     The jurisdictional allegations in paragraph 13 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that jurisdiction is proper in the United States District Court for the District of Arizona.

**THE TCPA**

14.     The allegations in paragraph 14 are not well-pleaded allegations of fact, but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that the allegations refer to Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), and its implementing regulations, which speaks for itself.  Except as expressly admitted herein, Defendant denies the allegations in paragraph 14.

15.     The allegations in paragraph 15 are not well-pleaded allegations of fact, but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that the allegations refer to Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), and its implementing regulations, which speaks for itself.  Except as expressly admitted herein, Defendant denies the allegations in paragraph 15.

16.     The allegations in paragraph 16 are not well-pleaded allegations of fact, but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that the allegations refer to the Declaratory Ruling issued by the Federal Communications Commission, *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, DA 20-318 (Mar. 20, 2020), which speaks for itself.  Except as expressly admitted herein, Defendant denies the allegations in paragraph 16.

## FACTS[2]

17.     As to paragraph 17, Defendant is without information or knowledge sufficient to form a belief as to the truth of allegations in paragraph 17 and therefore denies them.

18.     Defendant denies the allegations in paragraph 18.

---

[2] *See* fn. 1. Further, the section title "FACTS" is a misnomer as paragraphs 17 through 36 are allegations, legal conclusions or argument, not facts.

19.     Defendant denies the allegations in paragraph 19.

20.     Defendant denies the allegations in paragraph 20.

21.     The allegations in paragraph 21 are not well-pleaded allegations of fact, but state legal conclusions or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 21.

22.     The allegations in paragraph 22 are not well-pleaded allegations of fact, but state legal conclusions or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 22.

23.     As to paragraph 23, Defendant is without information or knowledge sufficient to form a belief as to the truth of allegations in paragraph 23 and therefore denies them.

24.     As to paragraph 24, Defendant is without information or knowledge sufficient to form a belief as to the truth of allegations in paragraph 24 and therefore denies them.

25.      As to paragraph 25, Defendant is without information or knowledge sufficient to form a belief as to the truth of allegations in paragraph 25 and therefore denies them.

26.     Defendant denies the allegations in paragraph 26.

27.     As to paragraph 27, Defendant is without information or knowledge sufficient to form a belief as to the truth of allegations in paragraph 27 and therefore denies them.

28.     As to paragraph 28, Defendant is without information or knowledge sufficient to form a belief as to the truth of allegations in paragraph 28 and therefore denies them.

29.     As to paragraph 29, Defendant is without information or knowledge sufficient to form a belief as to the truth of allegations in paragraph 29 and therefore denies them.

30.     Defendant denies the allegations in paragraph 30.

31.     Defendant denies the allegations in paragraph 31.

32.     Defendant denies the allegations in paragraph 32.

33.     Defendant denies the allegations in paragraph 33.

34.     Defendant denies the allegations in paragraph 34.

35.     Defendant denies the allegations in paragraph 35.

36.     Defendant denies the allegations in paragraph 36.

## CLASS ALLEGATIONS

37.     As to paragraph 37, Defendant admits that Plaintiff purports to have filed this action on behalf of herself and all others similarly situated as an alleged member of the class described in paragraphs 37 through 46. Defendant denies the

remaining allegations in paragraph 37 and denies that class treatment is appropriate for the alleged claims.

38.     As to paragraph 38, Defendant admits that Plaintiff purports to have filed this action on behalf of herself and all others similarly situated as an alleged member of the class described in paragraphs 37 through 46. Defendant denies the remaining allegations in paragraph 38 and denies that class treatment is appropriate for the alleged claims.

39.     As to paragraph 39, Defendant admits that Plaintiff purports to have filed this action on behalf of herself and all others similarly situated as an alleged member of the class described in paragraphs 37 through 46. Defendant denies the remaining allegations in paragraph 39 and denies that class treatment is appropriate for the alleged claims.

40.     As to paragraph 40, Defendant admits that Plaintiff purports to have filed this action on behalf of herself and all others similarly situated as an alleged member of the class described in paragraphs 37 through 46. Defendant denies the remaining allegations in paragraph 40 and denies that class treatment is appropriate for the alleged claims.

41.     As to paragraph 41, Defendant admits that Plaintiff purports to have filed this action on behalf of herself and all others similarly situated as an alleged member of the class described in paragraphs 37 through 46. Defendant denies the

remaining allegations in paragraph 41 and denies that class treatment is appropriate for the alleged claims.

42.    As to paragraph 42, Defendant admits that Plaintiff purports to have filed this action on behalf of herself and all others similarly situated as an alleged member of the class described in paragraphs 37 through 46. Defendant denies the remaining allegations in paragraph 42 and denies that class treatment is appropriate for the alleged claims.

43.    As to paragraph 43, Defendant admits that Plaintiff purports to have filed this action on behalf of herself and all others similarly situated as an alleged member of the class described in paragraphs 37 through 46. Defendant denies the remaining allegations in paragraph 43 and denies that class treatment is appropriate for the alleged claims.

44.    As to paragraph 44, Defendant admits that Plaintiff purports to have filed this action on behalf of herself and all others similarly situated as an alleged member of the class described in paragraphs 37 through 46. Defendant denies the remaining allegations in paragraph 44 and denies that class treatment is appropriate for the alleged claims.

45.    As to paragraph 45, Defendant admits that Plaintiff purports to have filed this action on behalf of herself and all others similarly situated as an alleged member of the class described in paragraphs 37 through 46. Defendant denies the

remaining allegations in paragraph 45 and denies that class treatment is appropriate for the alleged claims.

46.     As to paragraph 46, Defendant admits that Plaintiff purports to have filed this action on behalf of herself and all others similarly situated as an alleged member of the class described in paragraphs 37 through 46. Defendant denies the remaining allegations in paragraph 46 and denies that class treatment is appropriate for the alleged claims.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)
### (On Behalf of Plaintiff and the Internal Do Not Call Class)

47.     Defendant incorporates by reference its responses to paragraphs 1 through 46 as if fully set forth herein.

48.     The allegations in paragraph 48 are not well-pleaded allegations of fact, but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that the allegations refer to 47 C.F.R. § 64.1200, which speaks for itself.  Except as expressly admitted herein, Defendant denies the allegations in paragraph 48.

49.     The allegations in paragraph 49 are not well-pleaded allegations of fact, but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that the allegations refer to 47 C.F.R.

§ 64.1200, which speaks for itself.  Except as expressly admitted herein, Defendant denies the allegations in paragraph 49.

50.     Defendant denies the allegations in paragraph 50.

51.     Defendant denies the allegations in paragraph 51.

52.     Defendant denies the allegations in paragraph 52.

53.     Defendant denies the allegations in paragraph 53.

54.     Defendant denies the allegations in paragraph 54.

55.     Defendant denies the allegations in paragraph 55, incorrectly numbered as paragraph 47.

56.     Defendant denies the allegations in paragraph 56, incorrectly numbered as paragraph 48.

## PRAYER FOR RELIEF

Defendant denies the allegations in Plaintiff's unnumbered "prayer for relief" including each and every allegation in the subparagraphs a) through k), and specifically denies that Plaintiff is entitled to class certification, appointment as class representative or counsel, damages, equitable relief, injunctive relief, fees, costs, or any relief whatsoever.

## JURY DEMAND

Defendant denies that any of the allegations set forth in the First Amended Complaint allege triable issues against Defendant.

## DOCUMENT PRESERVATION DEMAND

Plaintiff's Document Preservation Demand does not contain well-pleaded allegations of fact, therefore no response is required, however Defendant intends to abide by Plaintiff's preservation request.

## GENERAL DENIAL

Defendant denies all allegations set forth in the First Amended Complaint that are not specifically admitted herein

***

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following defenses to the claims and allegations set forth in the First Amended Class Action Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The First Amended Class Action Complaint fails to allege facts sufficient to state a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part to the extent the calls at issue were made with the

recipients' prior express permission and/or consent and that consent was either irrevocable or was not effectively revoked.

### THIRD AFFIRMATIVE DEFENSE
### (Established Physician-Patient Relationship)

The claims brought in the First Amended Class Action Complaint are barred to the extent Plaintiff and/or the putative class members had an established physician-patient relationship with Defendant.

### FOURTH AFFIRMATIVE DEFENSE
### (One Text Message)

The claims brought in the First Amended Class Action Complaint are barred to the extent Plaintiff and/or the putative class members did not receive more than one text message, and/or they successfully opted out of future messages.

### FIFTH AFFIRMATIVE DEFENSE
### (Good Faith; Reasonable Practices)

Any and all claims brought in the First Amended Class Action Complaint are barred because Defendant possessed a good faith belief that it was not committing any wrongdoing and any violations resulted from a bona fide error, despite reasonable practices to prevent violations of the TCPA and related regulations.

## SIXTH AFFIRMATIVE DEFENSE
### (Arbitration and Class Waiver)

Plaintiff and the putative class members are barred from asserting their claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement to arbitrate their disputes on an individual (non-class) basis, depriving the Court of jurisdiction over such claims, and rendering venue in this Court improper.

## SEVENTH AFFIRMATIVE DEFENSE
### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)

Plaintiff is barred from asserting her claims, in whole or in part, by the doctrine of acquiescence, estoppel, waiver, and/or unclean hands. For example, Plaintiff and/or putative class members cannot assert claims under the TCPA against Defendant to the extent they voluntarily provided telephone numbers for the purpose of receiving messages such as referenced in the First Amended Class Action Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Knowing or Willful Misconduct)

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct. For example, Defendant did not and does not knowingly or willfully employ or allow pre-recorded or artificial voice calls, text messages, or robocalls via automatic telephone dialing systems or make calls to

persons on the National Do Not Call Registry or internal do not call lists, or to individuals who have not consented, or have opted out of receipt of text messages.

### NINTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

Defendant did not proximately cause any damages, injury, or violation alleged in the First Amended Class Action Complaint. Instead, to the extent any harm occurred, the acts of third parties (such as vendors to whom Defendant provided the number on which Plaintiff was allegedly texted) proximately caused any damages, injuries, or violations at issue, to the extent they occurred.

### TENTH AFFIRMATIVE DEFENSE
### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation or wrongdoing alleged in the First Amended Class Action Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the First Amended Class Action Complaint complains and cannot be held liable for it. For example, to the extent vendors caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct of which the First Amended Class Action Complaint complains, vendors acted outside the scope of the parties' agreement and Defendant did not approve of that conduct. As such, Defendant cannot be held vicariously liable. And even if it could, its liability, if any, must be

eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Adequate Remedy at Law)

The First Amended Class Action Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law and there is no likelihood of continuing or future harm. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

## TWELFTH AFFIRMATIVE DEFENSE
## (Non-Residential Phone)

Plaintiff's claims are barred to the extent the phone number contained in the First Amended Class Action Complaint is not a residential number.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (No Charge)

Plaintiff was not "charged for the call" with respect to the alleged calls at issue in this lawsuit, as that term is used in the TCPA.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (No Use of an "Automatic Telephone Dialing System" or an "Autodialer")

Plaintiff's claim is barred because Defendant did not use an "automatic telephone dialing system" as defined in the TCPA because it did not use a

telephone dialing system that "store[s] or produce[s] telephone numbers to be called, using a random or sequential number generator." 47 U.S.C. § 227(a)(1).

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance with Laws)

Defendant is not liable to Plaintiff because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Compliance with 47 C.F.R. § 64.1200(c)(2)(i))

Any and all claims brought in the First Amended Class Action Complaint are barred in whole or in part because any violation of the TCPA occurred as a result of error, and, as part of its routine business practice, Defendant meets the standards set forth in 47 C.F.R. § 64.1200(c)(2)(i).

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to Join Party)

Any and all claims brought in the First Amended Class Action Complaint are barred, in whole or in part, by failure to join a necessary or indispensable party.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Defendant hereby gives notice that in the event that this Court certifies a class,

which Defendant denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## NINETEENTH AFFIRMATIVE DEFENSE
## (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses, and hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of the First Amended Class Action Complaint and that judgment be entered in favor of Defendant;

2. For dismissal of the First Amended Class Action Complaint with prejudice;

3. That the Court award Defendant costs and reasonable attorneys' fees;

4. For such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Isaac R. Ruiz-Carus
ISAAC R. RUIZ-CARUS, ESQUIRE
Florida Bar No.: 17004

Email: irr.service@rissman.com
Rissman, Barrett, Hurt,
 Donahue, McLain & Mangan, P.A.
1 North Dale Mabry Highway, 11th Floor
Tampa, FL  33609
Tel. (813) 221-3114
Fax (813) 221-3033
Attorneys for Unique Healthcare Systems,
LLC d/b/a AFC Urgent Care Pinellas Park

Dated: January 28, 2022.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 28, 2022, I electronically submitted the foregoing document to the Clerk of Court for the United States District Court, Middle District of Florida, using CM/ECF.  The electronic case file system sent a "Notice of Electronic Filing" to the following individuals:

Manuel S. Hiraldo, Esquire
Hiraldo Law (mhiraldo@hiraldolaw.com)

Michael Eisenband, Esquire
Eisenband Law, P.A. (MEisenband@Eisenbandlaw.com)

/s/Isaac R. Ruiz-Carus
ISAAC R. RUIZ-CARUS, ESQUIRE
Florida Bar No.: 17004
Email: irr.service@rissman.com
Rissman, Barrett, Hurt,
 Donahue, McLain & Mangan, P.A.
1 North Dale Mabry Highway, 11th Floor
Tampa, FL  33609
Tel. (813) 221-3114
Fax (813) 221-3033
Attorneys for Unique Healthcare Systems,
LLC d/b/a AFC Urgent Care Pinellas Park

RBM/IRR/KAG