UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA FARHAT,

    Plaintiff,

v.                                               Case No: 8:21-cv-1319-SDM-JSS

UNIQUE HEALTHCARE SYSTEMS,
LLC,

    Defendant.
_____/

## ORDER

THIS MATTER is before the court on Defendant's Objection and Motion to Quash or Modify Plaintiff's Subpoena to Produce Documents to Non-Party, The Texting Company ("Motion") (Dkt. 28) and Plaintiff's Response in Opposition (Dkt. 32). On March 4, 2022, the court held a hearing on the Motion. Upon consideration, and for the reasons stated at the hearing, the Motion is granted in part and denied in part.

Pursuant to Rule 45, a court may quash, modify, or specify conditions for responding to a subpoena. Fed. R. Civ. P. 45(d)(3). Generally, a party does not have standing to seek to quash a subpoena issued to a non-party. An exception exists where the party demonstrates a personal privacy right or privilege with respect to the subject matter of the subpoena. *Auto-Owners Inc. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). Specifically, a court must quash or modify a subpoena where

the subpoena requires disclosure of privileged or other protected matter and if no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(A)(iii).

In this case, Defendant claims a personal interest in protecting its patients' personal information held by The Texting Company since Defendant is a healthcare provider and bound by federal law. (Dkt. 28 at 2–3.) For the reasons that follow, the court finds that Defendants have standing to object to the subpoena on behalf of its patients. Defendant contends that it has standing to move to quash the subpoena under the Health Insurance Portability and Accessibility Act ("HIPAA"), which governs the privacy of medical records. *See* 45 C.F.R. § 164.508(a)(1) ("Except as otherwise permitted or required by this subchapter, a covered entity may not use or disclose protected health information without an authorization that is valid under this section.").

HIPAA applies to "covered entities," which are health plans, health care clearinghouses, healthcare providers who transmit health information electronically, and business associates of covered entities who perform functions on behalf of these entities. *See id.* at §§ 160.102, 160.103. When it applies, HIPAA permits disclosure of protected health information without written authorization in certain circumstances, such as a judicial proceeding. *Id.* at § 164.512(e). A covered entity may disclose protected health information in the course of a judicial proceeding, in response to an order of a court. *Id.* at § 164.512(e)(1)(i). "Protected health information" means individually identifiable health information. *Id.* at § 160.103; *State Farm Mut. Auto. Ins. Co. v. Kugler*, 840 F. Supp. 2d 1323, 1328 (S.D. Fla. 2011).

Here, the undersigned finds that Defendant satisfies the definition of a covered entity under HIPAA as it is a healthcare provider for patients in which Plaintiff seeks certain information. (Dkt. 28 ¶¶ 4, 5.) Thus, it has established that it has standing to move to quash the subpoena directed to non-party The Texting Company on behalf of its patients. *See* 45 C.F.R. §§ 160.102, 160.103.

As for the remaining issues in Defendant's Motion, it is **ORDERED**:

1. As to subpoena requests 1, 3, 7, 8, and 9, the Motion is **GRANTED in part** and **DENIED in part** as follows:

    a. The Motion is **DENIED** to the extent that this court finds that these requests are relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). However, the court further finds that the information Plaintiff seeks may be obtained without disclosing the personally identifiable information of Defendant's patients. *See Kugler*, 840 F. Supp. 2d at 1328 ("Federal courts have long been mindful of preserving confidentiality of medical information.") With this in mind, and as the parties agreed at the hearing, the Motion is **GRANTED** to the extent that the names, mailing addresses, and email addresses of Defendant's patients shall not be disclosed.

    b. The Motion is further **GRANTED in part** to the extent that The Texting Company shall only provide Plaintiff with telephone

numbers that are limited to the area code and last four-digits of the number, with the first three digits of the telephone number redacted.

c. Moreover, as the parties agreed, Plaintiff shall not contact any individuals identified by this information until further order of the court.

**DONE** and **ORDERED** in Tampa, Florida, on March 4, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record